**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00232-CR**
_____

**HENRY DAVIS III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR35261**
_____

**MEMORANDUM OPINION**

Henry Davis III appeals his conviction for murder, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02(c). After filing the notice of appeal, the trial court appointed an attorney to represent Davis in his appeal. The attorney discharged his responsibilities to Davis by filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In the brief, Davis's attorney represents there are no arguable reversible errors to be addressed in Davis's appeal. *See id*.; *High v. State*, 573 S.W.2d 807 (Tex. Crim.

App. 1978). The brief the attorney filed contains a professional evaluation of the record. In the brief, Davis's attorney explains why, under the record in Davis's case, no arguable issues exist to reverse the trial court's judgment. *Id*. Davis's attorney also represented that he sent Davis a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Davis, by letter, that he could file a pro se brief or response with the Court on or before January 30, 2024. Davis did not file a response.[1]

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Thus, it follows the appeal is frivolous. *Id*. at 826-27. For that reason, we need not require the trial court to appoint another

---

[1]Davis requested, and received, copies of the clerk's record and reporter's record; however, Davis did not file a response.

attorney to re-brief the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The trial court's judgment is affirmed.[2]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on June 27, 2024
Opinion Delivered August 28, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[2]Davis may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.